IN THE UNITED STATES DISTRICT COUT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JONATHAN DUNN, individually and on behalf of all other similarly situated, ) ) ) Plaintiff, ) ) v. ) ) REDSPEED GEORGIA, LLC, ) ) Defendant. ) | Civil Action No. 1:24-CV-0032-JRH-BKE |

### PLAINTIFF'S MOTION TO STAY BRIEFING SCHEDULE ON DEFENDANT'S MOTIONS TO DISMISS PENDING THE COURT'S RESOLUTION OF MOTION TO REMAND

COMES NOW Jonathan Dunn, individually and on behalf of other Georgia residents similarly situated, and moves the Court to stay the deadlines for responses to Defendant's 12(b)(6) Motion to Dismiss and Defendant's Local Rule 9.1 Motion to Dismiss RICO allegations pending a resolution of Plaintiff's Motion for Remand.

Plaintiff, individually and as a class representative, filed this class action against Defendant Redspeed Georgia, LLC in the Superior Court of Jefferson County. Defendant removed this action on March 25, 2024. On April 8, 2024, Defendant has filed a Motion to Dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) and a Motion to Dismiss the RICO Allegations under Southern District Local Rule 9.1. Plaintiff's responses to both of these motions are due on or before April 22, 2024. Plaintiff filed a Motion to Remand with considerable heft based upon Defendant's failure to establish diversity jurisdiction under 28 U.S.C. § 1332(d)(10), and failure by the Defendant to establish the requisite threshold amount in controversy under CAFA ($5,000,000) or for Plaintiff's individual claims ($75,000).

1

### The Court Should Resolve Remand As a Threshold Matter
### Before Addressing the Motions to Dismiss.

The Court should resolve the issue of jurisdiction prior to taking up Defendant's 12(b)(6) Motion to Dismiss and Motion to Dismiss RICO allegations. *Beasley Forest Products, Inc. v. Northern Clearing, Inc.*, 515 F.Supp.3d 1367 (S.D. Ga. 2021) (Before addressing defendant's motion to dismiss, the court must address plaintiff's motion to remand for lack of diversity jurisdiction as it presents a challenge to this court's jurisdiction to hear this case); *University of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss.)

### Defendant's Motions to Dismiss Will Be Moot if the Court Remands.

As the moving party for the request for stay, Plaintiff bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). A request to stay pending the resolution of a dispositive motion is appropriate if resolution of the motion will dispose of the entire case. *Id.* To this end, the Court will take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*, 652-53. This analysis has been applied to a motion to stay pending disposition of a motion to remand. *Applegate v. Darby Bank & Tr. Co.*, Case No. CV410-302, 2011 WL 675031, *1 (S.D. Ga., Feb 17, 2011) (applying the foregoing analysis to a motion to stay pending disposition of a motion to remand.) A peek or a full survey of the Plaintiff's Motion to Remand demonstrates it is meritorious and will necessarily divest this Court of jurisdiction.

Actions filed in a state court may be removed to federal court in two circumstances: where the claim presents a federal question or where diversity jurisdiction exists. 28 U.S.C. § 1441(a)-(b). As the removing party, Redspeed Georgia, LLC bears the burden of establishing federal

jurisdiction. If the Defendant fails to carry this burden, the Court must remand. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). This is a state-wide class action asserting violations of Georgia state law. There are no federal causes of actions set forth in the complaint. Accordingly, the provisions of 28 U.S.C. § 1332(d) control removal jurisdiction under 28 U.C.C. §§ 1441 and 1453. Under 28 U.S.C. § 1332(d)(10), which is the correct diversity standard in class action litigation for an LLC, Redspeed Georgia LLC is an unincorporated association and, as such, is a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Redspeed Georgia, LLC has its principal place of business in Georgia, is conducting business in Georgia and is organized under Georgia law. Dec. Jenkins, Tab A (Dkt. 18-2). It is a citizen of Georgia for purposes of diversity jurisdiction under CAFA. Jonathan Dunn is a resident of Georgia. The proposed class, by definition, is composed *only* of Georgians. There is no diversity of citizenship to support removal.

The requested stay will promote judicial economy. The Eleventh Circuit has recognized that "district courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols, Inc*., 750 F.3d 1253, 1262 (11th Cir. 2014). *Patterson v. Bryan County Fire and Emergency Services*, Case No. CV423-225, 2023 WL 6297482 (S.D. Ga., Sept. 27, 2023).

There is a strong likelihood that Plaintiff's Motion to Remand will be granted. There is no diversity jurisdiction. Defendant Redspeed Georgia LLC previously filed a motion to dismiss on March 11, 2024, in the Superior Court of Jefferson County before the case was removed by the Defendant. Plaintiff will need to invest a significant amount of time and resources responding to the two, new Motions to Dismiss when the motions may very well be dismissed as moot if the case is remanded. Further, Defendant's Motion to Dismiss RICO allegations is based on a local

3

Southern District Rule that will not apply if the case is remanded to Jefferson County Superior Court.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests a stay of the briefing schedule to respond to Defendant's 12(b)(6) Motion to Dismiss and Motion to Dismiss RICO Allegations pending the Court's Order on Remand.

                                                                Respectfully submitted,

                                                                **THE BELL FIRM**

Post Office Box 1547                /s/ John C. Bell, Jr.
Augusta, Georgia 30903-1547       John C. Bell, Jr. (GA Bar No. 048600)
T: (706) 722-2014                    Pamela S. James (GA Bar No. 389015)
john@bellfirm.net
pam@bellfirm.net

                                                                **MANLY SHIPLEY, LLP**

                                                                /s/ John B. Manly
                                                                John B. Manly (GA Bar No. 194011)

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com

                                                               Counsel for Plaintiff

## **CERTFICATE OF SERVICE**

The undersigned hereby certified that the foregoing Plaintiff's Motion to Stay Briefing Schedule on Defendant's Motions to Dismiss Pending the Court's Resolution of Motion to Remand, was filed on this date using the CM/ECF system, which will automatically serve all counsel of record.

This 11th day of April, 2024.

                                               *s/ John C. Bell, Jr.*
                                               John C. Bell, Jr.
                                               Counsel for Plaintiff