IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN DUNN, individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiff, | * * | CV 124-032 |
| v. | * * | |
| REDSPEED GEORGIA, LLC, | * * | |
| Defendant. | * * | |

**O R D E R**

Before the Court is Plaintiff's motion to remand (Doc. 18) and Defendant's motion to file an amended motion to dismiss (Doc. 48). For the following reasons, Plaintiff's motion to remand is **GRANTED** and Defendant's motion to file an amended motion to dismiss is **TERMINATED**.

**I. BACKGROUND**

On November 17, 2023, Defendant Redspeed Georgia, LLC ("Redspeed") issued the named Plaintiff, Jonathan Dunn, a traffic ticket for allegedly speeding through a school zone in Wrens, Jefferson County, Georgia. (Doc. 1-2, at 3.) Plaintiff paid the associated $80.00 fine, plus a $4.00 processing fee, through Defendant's website pursuant to a contract between Defendant and

the City of Wrens. (Id. at 4-5.) On December 12, 2023, Plaintiff filed suit in the Superior Court of Jefferson County, Georgia alleging the contract between Defendant and the City of Wrens was invalid and Defendant charged unauthorized, excessive fees in violation of state law. (Id. at 2-4, 20-35.) In his complaint, Plaintiff seeks to certify the class and recover damages "including actual, consequential, and nominal damages, trebled"; pre-judgment interest, expenses, and attorney fees; declaratory relief; and "such other and further relief as may be deemed just and appropriate by this Court." (Id. at 23-28, 36.) However, Plaintiff provides no monetary estimate of the relief sought. (Id. at 36.)

On March 25, 2024, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1, at 1.) On April 8, 2024, Defendant filed a motion to dismiss. (Doc. 16.) Shortly following, on April 11, 2024, Plaintiff moved to remand, arguing that federal jurisdiction does not exist because (1) Defendant failed to establish diversity and (2) the amount in controversy fails to meet jurisdictional requirements. (Doc. 18-1, at 8.) Briefings on Defendant's motion to dismiss were stayed pending resolution of Plaintiff's to remand (Doc. 44); however, on May 17, 2024, Defendant filed a motion to amend its motion to dismiss based on newly issued authority and recently discovered misrepresentations (Doc. 48). Plaintiff's motion to remand and

2

Defendant's motion to file an amended motion to dismiss are now ripe for the Court's review.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). On a motion to remand, the removing party bears the burden of establishing federal jurisdiction. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Traditionally, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013). However, for cases invoking the Class Action Fairness Act ("CAFA") there is no presumption in favor of remand. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82 (2014). In either case, in evaluating a motion to remand, the court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties."

3

Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

In traditional cases, federal district courts have jurisdiction over civil actions in two scenarios: (1) federal question jurisdiction, in which the action "aris[es] under the Constitution, laws, or treaties of the United States"; and (2) diversity jurisdiction actions, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States," ("Traditional Diversity Jurisdiction"). 28 U.S.C. §§ 1331, 1332(a). CAFA also provides jurisdiction to federal district courts in civil class action suits when: (a) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) the suit meets CAFA diversity of citizenship requirements ("CAFA Jurisdiction"). 28 U.S.C. § 1332(d). In class action suits brought under CAFA Jurisdiction individual class members' claims are aggregated to meet the required amount in controversy threshold. Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592, (2013); 28 U.S.C. § 1332(d).

### III. DISCUSSION

As a procedural matter, the Court addresses the jurisdictional concerns raised in Plaintiff's motion to remand before moving to Defendant's motion relating to the merits of this

4

action. See Beasley Forest Prod., Inc. v. N. Clearing, Inc., 515 F. Supp. 3d 1367, 1371-72 (S.D. Ga. 2021) (addressing motion to remand prior to pending motion to dismiss because it presented a challenge to the court's jurisdiction).

The Court first notes that a class action may be removed under Traditional Diversity Jurisdiction or under CAFA Jurisdiction. See Brinson v. Providence Cmty. Corr., 703 F. App'x 874, 877 (11th Cir. 2017) (treating § 1332(a) and § 1332(d) as alternative methods of establishing federal jurisdiction). Despite Plaintiff's contentions, "[t]here is absolutely no legal support for [the] claim that a class action cannot be removed under § 1332(a)." M.P.G. Tent Rentals, Inc. v. Wasatch Tees of Atlanta, Inc., No. 2:08-CV-02218, 2009 WL 10688841, at *3 (S.D. Ala. Feb. 26, 2009).

**A. Traditional Diversity Jurisdiction**

Defendant removed the case to this Court based on Traditional Diversity Jurisdiction. (See Doc. 1, at 1-2.) Thus, relevant to this case, subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

1. Complete Diversity

Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). Under

5

Traditional Diversity Jurisdiction, "[t]he party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994)).

The Parties at hand are an individual and a limited liability company ("LLC"). (See Doc. 1.) For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir.2002). Thus, to properly allege the citizenship of an individual, a party must allege both residence in a state and "an intention to remain there indefinitely." Id. Residence alone is not enough. Denny v. Pironi, 141 U.S. 121, 123, (1891); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). However, properly alleging the citizenship of an LLC requires different steps than alleging the citizenship of an individual. To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company . . . ." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Furthermore, the general allegation, based

6

upon information and belief, that no member of an LLC is the citizen of a particular state is insufficient to carry the defendant's burden of establishing complete diversity. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980)[1] ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.") (citation and quotation marks omitted); see also Great Am. Assurance Co. v. Stover, No. 1:20-CV-2635, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020) ("[A]lleging the members of a limited liability company 'upon information and belief,' as Plaintiff does for [defendant LLC], is also insufficient.")

The Court finds Defendant has adequately alleged complete diversity for the purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant asserts complete diversity exists because Plaintiff is domiciled in Georgia and none of Defendant's members are citizens of the state of Georgia. (Doc. 1, at 2-3.) While Plaintiff does dispute the manner of determining Defendant's citizenship for diversity purposes, he does not dispute the asserted citizenship of any of Defendant's members. Further, Defendant provides a sworn declaration in support of its assertions that affirms the citizenship of each of its distinct members. (Doc. 1-3.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981.

7

### 2. Amount in Controversy

Turning to the amount in controversy requirement, under Traditional Diversity Jurisdiction, the removing party must show "the matter in controversy *exceeds* the sum or value of $75,000." 28 U.S.C. § 1332(a) (emphasis added). The defendant's right to remove and the plaintiff's right to choose his forum are not on equal footing, and, as such, there is a heavy burden of proof on the defendant to "prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum[.]" Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The weight of this burden, however, "varies based on the allegations in the state court complaint." Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009) (citation omitted).

When a plaintiff makes a specific demand for judgment for less than the jurisdictional amount, the defendant is required to prove to "a legal certainty" the amount in controversy actually exceeds the jurisdictional minimum. Burns, 31 F.3d at 1095. Thus, a defendant may be permitted to remain in federal court under this standard only if it shows "the case is clearly worth more than" the jurisdictional threshold. Id. at 1096.

Alternatively, when a plaintiff has made an unspecified demand for damages in state court, a removing defendant must only prove the amount in controversy "by a preponderance of the evidence." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th

Cir. 2010) (citation and quotation marks omitted). Therefore, if the damages are unspecified in the complaint, the defendant's burden is to prove the actual damages will "more likely than not" exceed the minimum jurisdictional amount. Id. (citation and quotation marks omitted). "Generally, if no single plaintiff can satisfy the jurisdictional amount, then there is no diversity jurisdiction." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1280 (11th Cir. 2001).

Plaintiff did not specify the amount of damages sought in his complaint. (see Doc. 1-2.) Nevertheless, Defendant asserts it is "facially apparent" from the complaint the amount in controversy exceeds $75,000. (Doc. 1, at 3.) Specifically, Defendant contends the amount in controversy requirement is satisfied with regards to Plaintiff alone because the value of Defendant's contracts with Georgia counties and municipalities giving rise to Plaintiff's claims exceeds $75,000, and because punitive damages and attorney's fees must be considered in addition to actual damages. (Doc. 45, 4-7.) Plaintiff, conversely, argues the amount in controversy is far less than $75,000 for any one class member for three reasons: first, injunctive relief must be valued from the plaintiff's standpoint; second, Defendant has not alleged punitive damages and attorney's fees with sufficient certainty; and third, certain damages should be allocated pro rata among class members. (Doc. 49, at 3.)

9

The Court finds Defendant has not proven by a preponderance of the evidence that the amount in controversy for any individual class member exceeds $75,000. When estimating the value of injunctive relief for the purposes of calculating the amount in controversy, "the proper computation turns, not on the profits *the [d]efendant* stands to lose, but on the value of the injunction *to the plaintiff*." Torreyes v. Godiva Chocolatier, Inc., 424 F. Supp. 3d 1276, 1281 (S.D. Fla. 2019) (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)). Under this "plaintiff-viewpoint rule," only the value the plaintiff would receive if the injunctive relief were granted is considered. Id. Here, the most value Plaintiff may reap from the declaratory judgment sought is the potential avoidance of paying future fines – a value that is "not readily susceptible to computation" and thus "too minimal and speculative" to establish jurisdiction. Id. at 1282 (citation and quotation marks omitted).

Further, Defendant has not alleged punitive damages or attorney's fees with enough specificity to prove the amount in controversy by a preponderance of evidence. (See Doc. 45, at 5-7.) "A conclusory allegation [that damages satisfy the jurisdictional amount], without setting forth the underlying facts supporting such an assertion, is insufficient." D & R Party, LLC v. Party Land, Inc., 406 F. Supp. 2d 1382, 1384-85 (N.D. Ga 2005). Regarding punitive damages, Defendant simply asserts they may be

considered without alleging any facts or specifics as to the amount of punitive damages that are potentially in controversy. (Doc. 45 at 5-6.) Similarly, regarding attorney's fees, Defendant estimates Plaintiff's counsel's total billed hours and billable rate, but these figures are unsupported by any factual basis beyond Defendant's observation of the work done to-date by Plaintiff's counsel. (Id. at 7.) While it is true that a court may use common sense to draw reasonable inferences from the evidence before it in determining if the amount in controversy threshold has been met, the Court will not engage in guesswork without any underlying factual support to make such determinations. See Cotton v. Symrise, Inc., No. CV 2:22-145, 2023 WL 2474208, at *2 (S.D. Ga. Mar. 13, 2023) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolation from the pleadings to determining whether it is facially apparent that a case is removable") (citation and quotation marks omitted). But see Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) ("[I]t would be 'impermissible speculation' for a court to hazard a guess on the jurisdictional amount in controversy"). How much time an attorney has spent litigating a case and what they may be charging is dependent on a variety of factors. Thus, the Court will not speculate based on unsupported assertions of the amount of attorney's fees accrued by Plaintiff's counsel to date. For these

11

reasons, the Court finds Defendant has not carried its burden of proving the amount in controversy requirement for diversity jurisdiction purposes is satisfied with sufficient certainty.[2]

## B. CAFA Jurisdiction

The Court now examines CAFA as an alternative ground for establishing federal jurisdiction. The Court first notes Defendant did not remove this action pursuant to CAFA Jurisdiction, nor does Defendant assert that CAFA Jurisdiction exists. (See Doc. 1, at 2-5.) Nevertheless, because Plaintiff belabors the lack of CAFA Jurisdiction, the Court briefly addresses Plaintiff's arguments.

Plaintiff argues there is no CAFA Jurisdiction because there is no minimal diversity of citizenship as defined under § 1332(d) and the $5,000,000 aggregate amount in controversy requirement has not been met. (Doc. 49, at 1-4.) Defendant does not address these contentions; rather, it argues CAFA Jurisdiction need not be considered because "CAFA did not do away with the right to utilize traditional diversity-based removal," and removal here was proper under § 1332(a). (Doc. 45, at 1.) The Court agrees that Defendant need only prove one jurisdictional avenue is satisfied. However, because the Court finds there is not federal jurisdiction under

---

[2] Because the Court finds Defendant has not alleged the amount of punitive damages or attorney's fees with sufficient certainty, the Court does not address whether such damages must be calculated pro rata.

the Traditional Diversity Jurisdiction requirements, it now considers the CAFA Jurisdiction requirements.

Regarding the minimal diversity requirement, "[f]or the purposes of [CAFA Jurisdiction], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). It is undisputed Plaintiff is a citizen of Georgia. (Doc. 1, at 2; Doc. 18-1, at 3.) Additionally, Plaintiff has provided undisputed evidence that Defendant is registered to do business in Georgia (Doc. 18-2), and both Parties represent Defendant is organized under Georgia law. (Doc. 1, at 2; Doc. 18-1, at 3.) While an entity's registered office is not in and of itself equivalent to the entity's principal place of business, Defendant has offered no evidence to suggest its principal place of business is in another State. AFC Franchising, LLC v. Purugganan, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021). Further, regarding the amount in controversy requirement, Defendant has provided no evidence that the aggregate amount in controversy exceeds $5,000,000. While CAFA generally expands federal jurisdiction, "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006). Because Defendant has not presented any argument

to support a finding that minimal diversity exists, or that the aggregate amount in controversy exceeds $5,000,000, the Court finds the requirements necessary to establish CAFA Jurisdiction have not been satisfied. Thus, since neither method of establishing federal jurisdiction is satisfied, Plaintiff's motion to remand is **GRANTED**.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 18) is **GRANTED**. Because this Court lacks jurisdiction over this case, Defendant's motion to amend its motion to dismiss (Doc. 48) is **TERMINATED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Jefferson County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of November, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA